UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DEMETRIUS THOMAS,

    Plaintiff,

v.

JAN-PRO FRANCHISING
INTERNATIONAL, INC., et al.,

    Defendants.

Case No. 25-cv-11728

Honorable Robert J. White

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

John Demetrius Thomas commenced this fraud and breach of contract action against Jan-Pro Franchising International, Inc., its affiliated entities, executives, and employees. Before the Court is Thomas's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Thomas asserts seven causes of action in the complaint without any corresponding factual allegations to support his entitlement to relief. (ECF No. 1, PageID.145). *See* Fed. R. Civ. 8(a)(2).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  All Thomas offers are "labels and conclusions" for his legal theories, which are entirely inadequate to establish a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also T&T Mgmt. v. City of Detroit*, No. 22-1249, 2023 U.S. App. LEXIS 30302, at *5 (6th Cir. Nov. 13, 2023).

The closest call is reserved for the tortious interference with business relationship claim. All Thomas alleges is that "[d]efendants attempted to coerce Plaintiff's mother into dissolving Silver Cord LLC – without Plaintiff's consent." (ECF No. 1, PageID.145, ¶ 9). But he otherwise fails to assert that defendants *knew* he co-owned Cord LLC with his mother – a central element in a Michigan tortious interference with business relationship claim. *See Health Call of Detroit v Atrium Home & Health Care Servs., Inc.*, 268 Mich. App. 83, 90 (2008) (stating that the plaintiff must demonstrate, among other things, the "knowledge of the relationship or expectancy on the part of the defendant interferer"). Without this scienter requirement, Thomas cannot establish that his tortious interference with business relationship claim is plausible. Accordingly,

IT IS ORDERED that Thomas's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed without prejudice.

3

IT IS FURTHER ORDERED that Thomas may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: July 15, 2025                                  s/ Robert J. White
                                                                    Robert J. White
                                                                     United States District Judge