UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DEMETRIUS THOMAS,

    Plaintiff,

v.

JAN-PRO FRANCHISING
INTERNATIONAL, INC., et al.,

    Defendants.

Case No. 25-cv-11728

Honorable Robert J. White

**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT**

    John Demetrius Thomas commenced this fraud and breach of contract action against Jan-Pro Franchising International, Inc., its affiliated entities, executives, and employees.  On July 15, 2025, the Court dismissed Plaintiff's complaint without prejudice for failure to state a claim, and it entered a judgment to this effect. (ECF Nos. 5-6).  Plaintiff subsequently filed an amended complaint with further factual detail to support his claims. (ECF No. 7).  To the extent Plaintiff seeks post-judgment amendment of the complaint, this is denied, and Plaintiff's amended complaint is dismissed.

    "Once final judgment has been entered, a party may not seek to amend their complaint without first moving to alter, set aside, or vacate judgment pursuant to

either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Benzon v. Morgan Stanley Distribs.*, 420 F.3d 598, 613 (6th Cir. 2005) (cleaned up). And "[w]hen a party seeks to amend a complaint after an adverse judgment, . . . the claimant must meet the requirements for reopening a case established by Rules 59 or 60," in addition to the more modest requirements of Fed. R. Civ. P. 15. *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). "If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.' That would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities." *Id.* (citation omitted).

Given these requirements, Plaintiff fails to establish that post-judgment amendment of his complaint is warranted.

\* \* \*

For the reasons given, the Court ORDERS that the Plaintiff's amended complaint (ECF No. 7) is DISMISSED.

Dated: July 30, 2025     s/Robert J. White
                         Robert J. White
                         United States District Judge

2